## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**JESUS PALMA-HERNANDEZ,**

**Defendant.**

**CASE NO. 8:13CR194**

**MEMORANDUM
AND ORDER**

This matter is before the Court on the Statement of Objections to Magistrate's Order (Filing No. 27) filed by Defendant Jesus Palma-Hernandez ("Defendant"). The Defendant has submitted a Brief in support of his position (Filing No. 28), and the Government has not responded. For the reasons stated below, the Court finds that the Defendant's Statement of Objections to Magistrate's Order should be overruled.

### BACKGROUND

On May 7, 2013, a criminal complaint was filed against the Defendant, alleging that he falsely represented a social security number to be assigned to him when it was not.[1] (Filing No. 1.) The Defendant was arrested the same day. His initial appearance took place May 10, 2013, before Magistrate Judge Thomas D. Thalken. At the initial appearance, counsel for the Defendant waived the detention hearing and Defendant was ordered detained pursuant to 18 U.S.C. § 3142. (Filing No. 9.) Magistrate Judge Thalken's Detention Order considered information contained in a Pretrial Services

---

[1] Defendant was initially named in the Complaint and known on the record as "John Doe" due to his use of an alias in connection with the social security number.

Report.[2]  (Filing No. 6.)  Magistrate Judge Thalken's findings were based on several factors, including, but not limited to, the nature of the Defendant's alleged crime, the Defendant's lack of community and familial ties, his status as an illegal alien subject to deportation, as well as the placement of a detainer by the Bureau of Immigration and Custom Enforcement.  (Filing No. 9 at 1-2.)

On May 17, 2013, the Defendant filed a Motion for Reconsideration of Detention. (Filing No. 16.)  He retained new counsel and asked the Court to order Pretrial Services to conduct further investigation of a proposed release plan, and order Defendant's release under certain circumstances.  (*Id.*)

The Defendant was indicted on May 22, 2013, for three counts of false representation of a social security number in violation of Title 18, USC § 1015(e), one count of making a false statement and claim in order to obtain Federal and State benefits in violation of Title 18, USC § 1014, and one count of making a materially false statement on a loan application in violation of Title 18, USC § 1014.  (Filing No. 18.)

On June 7, 2013, Defendant appeared before United States Magistrate Judge F.A. Gossett for arraignment and a hearing regarding the Motion to Reconsider Detention.   (Filing No. 24, Text Minute Entry and Attached Audio File.)   The Government produced evidence demonstrating the extent of harm to the victim whose social security number was used by the Defendant to obtain credit fraudulently on several occasions.   The Government also attacked the credibility of Defendant's proposed third-party custodian by offering evidence of her participation in the Defendant's alleged fraud, as well as her attempt to protect the Defendant by making a

---

[2] Defendant reserved his right to consult with counsel prior to consenting to the Pretrial Interview, so information contained in the May 10, 2013 Pretrial Report was gleaned solely from Defendant's Financial Affidavit form CJA23 and was thus limited in the information therein.  (Filing No. 6 at 1.)

false statement to the arresting authorities. (*Id.*) Judge Gossett took judicial notice of the Government's evidence. (*Id.*) The Defendant proffered evidence of his community and familial ties, his lack of criminal history, and his proposed third-party custodian whom he said had the necessary qualifications. (*Id.*) After weighing the statutory factors and considering the evidence produced at the hearing, including the "whole other layer of fraud" in connection with the Defendant's deceit on loan applications, Judge Gossett concluded that the Defendant was a danger to the community, and the original Detention Order remained. (*Id.*)

## STANDARD

This case comes to the Court with an unusual procedural history. After the Detention Order (Filing No. 9) was filed, the Defendant filed a Motion to Reconsider Detention (Filing No. 16). The rules do not contemplate motions to reconsider detention orders; however, the Nebraska Criminal Rules permit parties to move to "reopen" detention proceedings under 18 U.S.C. § 3142(f). NECrimR 46.2(b). In such proceedings, the same magistrate issuing a detention order reviews the matter of detention or release. *Id.* The Nebraska Criminal Rules also provide for a means to appeal a detention order issued by the magistrate. NECrimR 46.5.2(c).

The Defendant appears to ask that the Court revisit its prior Detention Order. On its face, however, the Defendant's Statement of Objections is not an appeal of the Detention Order. Nor did the Defendant file a motion to reopen detention proceedings under NECrimR 46.2(b). In his Statement of Objections, the Defendant states that he asserts his Objections under NECrimR 59.2, arguing that the Magistrate erred in denying Defendant's Motion to Reconsider. (Filing No. 27 at 2.) An objection filed

under NECrimR 59.2 does not permit review of a detention order.   NECrimR 59.2(f) specifically states that an "appeal of a magistrate judge's release or detention order is brought to a district judge under 18 U.S.C. § 3145(c) and NECrimR 46.2. Nebraska Criminal Rule 59.2 does not apply."   In sum, before Magistrate Judge Gossett was a Motion to Reconsider Detention, and not a motion to reopen detention proceedings. Now before the Court is a Statement of Objections to the Magistrate's order, and not a review of the Detention Order.

This distinction is important in determining the appropriate standard of review.   A judge of the court may reconsider any pretrial matter reviewed by a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."   28 U.S.C. § 636(b)(1)(A).   At this time, the Defendant only objects to Judge Gossett's order denying the Defendant's Motion to Reconsider.   Judge Gossett did not enter a detention order presumably because, due to the Defendant's chosen procedural posture, it was unclear whether the Defendant was requesting that Judge Gossett reopen the detention proceedings under NECrimR 46.2(b).   Accordingly, the Court must determine whether the Magistrate's Order denying the Defendant's Motion to Reconsider was clearly erroneous or contrary to law.[3]

## DISCUSSION

The Court concludes that the Statement of Objections to Magistrate's Order should be overruled because the Order was neither clearly erroneous nor contrary to

---

[3] Implied in this discussion is that had the Defendant moved to reopen detention proceedings resulting in a written detention order from Judge Gossett, see 18 U.S.C. § 3142(i), the Defendant could appeal the detention order, and the clearly erroneous standard would not apply.  In that circumstance, the Court would look to NECrimR 46.2(c) which states that "[u]nless additional evidence is received on review, the district judge reviews an order of release or detention de novo on the record made before the magistrate judge."

law.   The Defendant presents three objections to Magistrate Judge Gossett's order denying the Motion to Reconsider.   First, Defendant alleges that the Magistrate Judge erred in determining that the Defendant poses a flight risk or a danger to any other person or the community.   Second, Defendant alleges that the Magistrate Judge erred in determining that the Defendant's wife, or any other proposed third-party custodian, would be unfit to serve in the capacity of third-party custodian solely due to the severity of the fraudulent nature of the Defendant's crimes.   Finally, Defendant alleges that the Magistrate erroneously disregarded the appropriate factors, such as Defendant's family ties, length of residence in the community, lack of criminal history, and lack of history relating to drug or alcohol abuse.   (Filing No. 40 at 1.)   For the reasons discussed below, the Court concludes that the Magistrate's decision was not erroneous.

While not posed as a motion to reopen proceedings, the Magistrate was asked to review the Detention Order (Filing No. 9) that had been previously entered.   Courts consider four factors to determine whether a defendant should be detained before trial or released on bail under 18 U.S.C. § 3142.   The factors considered are: (1) the nature and circumstances of the offense, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community.   18 U.S.C. § 3142(g).   The Government bears the burden of proof to show "by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions…will reasonably assure the defendant's appearance . . . " *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003)).   A

finding that the defendant is a flight risk or a danger will suffice; the Government need not prove both. *See U.S. v. Orta*, 760 F.2d 887, 897 n.19 (8th Cir. 1985), *U.S. v. Gray*, 651 F.Supp. 432, 436 (W.D. Ark. 1987); (interpreting the *Orta* decision as allowing for detention under either a flight risk or a danger); *U.S. v. Payne*, 660 F.Supp. 288, 290 (E.D. Mo. 1987).

Defendant's Objection focuses on components of the third factor; however all four factors were heard and considered by Magistrate Judge Gossett in his denial of Defendant's Motion to Reconsider.  Based on the limited information contained in the May 10, 2013, Pretrial Service Report, as well as the Defendant's wavier of the initial detention hearing, Magistrate Judge Thalken determined that the Defendant was a flight risk under 18 USC § 3142, and ordered him detained.  (Filing No. 9 at 1.)  Additional argument was heard on the Defendant's Motion to Reconsider, and Judge Gossett determined that the Government, through its evidence, demonstrated that the Defendant was "a danger."  The Government presented evidence regarding the nature and circumstances of the Defendant's alleged fraud, the weight of the evidence of his alleged instances of fraud, and the repeated nature of the alleged offense, including repeated credit applications using the same social security number.  Defendant proffered evidence detailing the extent of time he lived in the country and community, and Defendant's family ties.  After considering this evidence and the proffer produced at the hearing, as well as information contained on the record, Magistrate Judge Gossett concluded that the original Detention Order should stand.

The Court has reviewed the parties' evidence and arguments, as well as Judge Gossett's oral order on the Defendant's Motion to Reconsider.  Based on the procedural

posture of the Defendant's Motion and present Statement of Objections, as well as the

reasoning of the Magistrate Judge, the Court cannot conclude that Judge Gossett's

Order denying the Defendant's Motion to Reconsider was clearly erroneous or contrary

to law.

Accordingly,

IT IS ORDERED:  The Statement of Objections to Magistrate's Order (Filing No.

27), filed by Defendant Jesus Palma-Hernandez, is overruled.

Dated this 23rd day of July, 2013.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge